# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD LEE THOMAS,<br>Petitioner,<br>v.<br>J. D. HARTLEY,<br>Respondent. | 1:08-cv-00828-OWW-BAK-SMS HC<br><br>FINDINGS AND RECOMMENDATION RE: RESPONDENT'S MOTION TO DISMISS THE PETITION (Doc. 17)<br><br>ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS<br><br>ORDER DENYING MOTION TO OPPOSE ATTORNEYS FOR RESPONDENT (Doc. 18) |

PROCEDURAL HISTORY

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on June 16, 2008. On August 14, 2008, the Court ordered Respondent to file a response to the petition. (Doc. 6). On December 8, 2008, Respondent filed the instant motion to dismiss, contending that the petition was untimely pursuant to 28 U.S.C. § 2244. (Doc. 17). Petitioner filed an opposition on December 18, 2008 (Doc. 18), and Respondent filed a reply to Petitioner's opposition on December 29, 2008. (Doc. 19).[1]

DISCUSSION

[1]The Clerk of the Court erroneously filed Petitioner's opposition as an active "motion" in the Court's Case Management system. (Doc. 18). Accordingly, for bookkeeping purposes, the Court will formally deny Petitioner's "motion" in this decision.

A. Procedural Grounds for Motion to Dismiss

As mentioned, Respondent has filed a Motion to Dismiss the petition as being filed outside the one year limitations period prescribed by Title 28 U.S.C. § 2244(d)(1). Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's Motion to Dismiss is based on a violation of 28 U.S.C. § 2244(d)(1)'s one year limitation period. Because Respondent's Motion to Dismiss is similar in procedural standing to a Motion to Dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal Answer, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

B. Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on June 16, 2008, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d)

reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, however, Petitioner is challenging the result of an administrative hearing regarding prison discipline. (Doc. 1). The Ninth Circuit has held that the one-year limitation period contained in 28 U.S.C. 2244(d)(1) "is not limited to petitions challenging the judgment of a state court," but that it also "applies to all petitions filed by a 'person in custody pursuant to the judgment of a State court.'" Shelby v. Bartlett, 391 F.3d 1061, 1065 (9th Cir. 2004). However, unlike petitions challenging their convictions, § 2244(d)(1)(D), rather than § 2244(d)(1)(A), applies to habeas petitions that challenge administrative bodies such as parole and disciplinary boards. Id. at 1066; Redd v. McGrath, 343 F.3d 1077, 1081-1083 (9th Cir. 2003). Under subsection (D), the limitation period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Shelby, 391 F.3d at 1066. In the context of an administrative disciplinary decision, the factual basis is the denial of a petitioner's administrative appeal. Shelby, 391 F.3d at 1066; Redd, 343 F.3d at 1082-1083. Thus, the statute of limitations begins to run the day after the administrative appeal challenging the disciplinary action is denied. Id.

Where the date Petitioner received notice of the parole board's hearing is not part of the record, Shelby rejected the notion that remand for an evidentiary hearing was required to determine the date on which a petitioner found out about the hearing, establishing instead a presumption that an inmate will in fact receive notice on the day the denial is issued, and that date will be used to calculate the statute of limitations unless the petitioner rebuts that presumption:

> "Here, as in Redd, Shelby does not dispute that he received timely notice of the denial of his administrative appeal on July 12, 2001, and he offers no evidence to the contrary. Therefore, the limitation period began running the next day."

Shelby, 391 F.3d at 1066.

The record establishes that Petitioner's administrative appeal was denied on January 19, 2007. Petitioner does not contend that he did not receive notice of the denial of his administrative appeal as of that date. Accordingly, the one-year statute of limitations commenced the following day, i.e., on January 20, 2007. Petitioner would have had one year from that date, or until January 19, 2008, within which to file his federal petition, absent applicable statutory and equitable tolling. As mentioned, the instant petition was not filed until June 16, 2008, five months after the one-year period had expired. Thus, unless Petitioner is entitled to either equitable or statutory tolling sufficient to make the petition timely, it must be dismissed.

C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000). An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v. Chavis, 546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006

(9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed. For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time. Nino, 183 F.3d at 1006-1007. Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition. Id. at 1007. In addition, the limitation period is not tolled during the time that a federal habeas petition is pending. Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002). Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001). Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims. See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

Here, for statutory tolling purposes, the record indicates the following chronology of state habeas petitions filed by Petitioner: (1) filed in the Superior Court of Kings County on March 19, 2007, and denied on April 25, 2007; (2) filed in the California Court of Appeal, Fifth Appellate District on January 28, 2008 and denied on February 14, 2008; and (3) filed in the California Supreme Court on March, 16 2008, and denied on April 9, 2008. [2]

---

[2]In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), amended May 23, 2001, vacated and remanded on other grounds sub nom. Carey v. Saffold, 536 U.S. 214, 226 (2002). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th cir. 2003). Accordingly, for all three state petitions, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the operative date of filing under the mailbox rule.

Respondent's motion to dismiss acknowledges that the three state petitions are entitled to statutory tolling during their pendency, but Respondent argues that Petitioner is not entitled to tolling during the interval between the denial of his Superior Court petition and the filing of his petition in the Court of Appeal, thus making the petition untimely. (Doc. 17, p. 3). The Court agrees.

As Respondent correctly contends, between the commencement of the one-year statute on January 20, 2007 and the filing of Petitioner's first state petition on March 19, 2007, fifty-seven days of the one-year period expired. (Id.). The one-year period was tolled during the pendency of the first petition until its denial on April 25, 2007. The one-year period re-commenced the following day, i.e., on April 26, 2007. Petitioner did not file his next state petition until January 28, 2008, a period of 277 days. The issue therefore is whether Petitioner is entitled to interval tolling for this period. The Court concludes that he is not.

In reviewing habeas petitions originating from California, the Ninth Circuit formerly employed a rule that where the California courts did not explicitly dismiss for lack of timeliness, the petition was presumed timely and was deemed "pending." In Evans v. Chavis, 549 U.S.189 (2006), the Supreme Court rejected this approach, requiring instead that the lower federal courts determine whether a state habeas petition was filed within a reasonable period of time. 549 U.S. at 198 ("That is to say, without using a merits determination as an 'absolute bellwether' (as to timeliness), the federal court must decide whether the filing of the request for state court appellate review (in state collateral review proceedings) was made within what California would consider a 'reasonable time.'"). However, "'[w]hen a post-conviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2).'" Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005)(*quoting* Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005)). See also Carey v. Saffold, 536 U.S. at 226.

Therefore, under the analysis mandated by the Supreme Court's decisions in Pace and Evans, this Court must first determine whether the state court denied Petitioner's habeas application(s) as untimely. If so, that is the end of the matter for purposes of statutory tolling because the petition was then never properly filed and Petitioner would not be entitled to any period of tolling under §

2242(d)(2), either for the pendency of the petition itself or for the interval between that petition and the denial of the previous petition. Bonner, 425 F.3d at 1148-1149.

However, if the state court did not expressly deny the habeas petition(s) as untimely, this Court is charged with the duty of independently determining whether Petitioner's request for state court collateral review were filed within what California would consider a "reasonable time." Evans, 546 U.S. at 198. If so, then the state petition was properly filed and Petitioner is entitled to interval tolling.[3]

In Evans, the Supreme Court found that a six-month delay was unreasonable. Id. The Supreme Court, recognizing that California did not have strict time deadlines for the filing of a habeas petition at the next appellate level, nevertheless indicated that most states provide for a shorter period of 30 to 60 days within which to timely file a petition at the next appellate level. Evans, 546 U.S. at 201. After Evans, however, it was left to the federal district courts in California to carry out the Supreme Court's mandate of determining, in appropriate cases, whether the petitioners' delays in filing state petitions were reasonable. Understandably, given the uncertain scope of California's "reasonable time" standard, the cases have not been entirely consistent. However, a consensus appears to be emerging in California that any delay of sixty days or less is per se reasonable, but that any delay "substantially" longer than sixty days is not reasonable. Compare Culver v. Director of Corrections, 450 F.Supp.2d 1135, 1140-1141 (C.D. Cal. 2006)(delays of 97 and 71 days unreasonable); Forrister v. Woodford, 2007 WL 809991, *2-3 (E.D. Cal. 2007)(88 day delay unreasonable); Hunt v. Felker, 2008 WL 364995 (E.D. Cal. 2008)(70 day delay unreasonable); Swain v. Small, 2009 WL 111573 (C.D.Cal. Jan. 12, 2009)(89 day delay unreasonable); Livermore v. Watson, 556 F.Supp. 2d 1112, 1117 (E.D.Cal. 2008)(78 day delay unreasonable; Bridges v. Runnels, 2007 WL 2695177 *2 (E.D.Cal. Sept. 11, 2007)(76 day delay unreasonable), with Reddick v. Felker, 2008 WL 4754812 *3 (E.D.Cal. Oct. 29, 2008)(64 day delay not "substantially" greater than sixty days); Payne v. Davis, 2008 WL 941969 *4 (N.D.Cal. Mar. 31, 2008 (63-day delay "well within the 'reasonable' delay of thirty to sixty days in Evans"). Moreover, even when the delay

---

[3]Neither the Ninth Circuit nor the United States Supreme Court has addressed whether a delay in filing may deprive a petitioner of statutory tolling for the pendency of an otherwise properly filed state petition itself when the state court does not expressly indicate that the petition was untimely. Presently, Evans only affects entitlement to interval tolling.

"significantly" exceeds sixty days, some courts have found the delay reasonable when the subsequent petition is substantially rewritten. E.g., Osumi v. Giurbino, 445 F.Supp 2d 1152, 1158-1159 (C.D.Cal. 2006)(3 month delay not unreasonable given lengthy appellate briefs and petitioner's substantial re-writing of habeas petition following denial by superior court); Stowers v. Evans, 2006 WL 829140 (E.D.Cal. 2006)(87-day delay not unreasonable because second petition was substantially re-written); Warburton v. Walker, 548 F.Supp.2d 835, 840 (C.D. Cal. 2008)(69-day delay reasonable because petitioner amended petition before filing in Court of Appeal).

Here, the Court of Appeal did not expressly indicate in its denial that the second petition was untimely. Accordingly, this Court must make its own, independent determination. As mentioned, the delay between the denial of the first petition on April 25, 2007 and the filing of the second petition on January 28, 2008, was a period of 277 days, which is well outside the range of what district courts, the Ninth Circuit, and the United States Supreme Court have considered reasonable for California inmates. Evans, 546 U.S. at 198. Thus, Petitioner is not entitled to interval tolling for that period of time. Because 57 days had expired before Petitioner filed his first petition, and because and additional 277 days expired during the interval between the first and second petitions, for a total of 334 untolled days.

Respondent concedes that the period of pendency of the second petition, the interval between the second and third petitions, and the pendency of the third petition are all entitled to statutory tolling. Thus, when the third petition was denied on April 9, 2008, the one-year period re-commenced with only thirty-one days remaining, since 334 days had already expired of the one-year period.

According to this calculation, the one-year period expired thirty-one days after April 9, 2008, or on May 10, 2008. As mentioned, Petitioner did not file his federal petition until June 16, 2008, i.e., more than one month after the one-year period had expired. Thus, unless Petitioner is entitled to some form of equitable tolling, the petition is untimely and must be dismissed.

D. Equitable Tolling

The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland,

410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Here, Petitioner filed a response to Respondent's motion to dismiss, contending that his petition was untimely because of overcrowding conditions in the prison and prison lockdowns that prevented him from accessing the prison law library. (Doc. 18). Respondent filed a response arguing that Petitioner had failed to provide specific evidence regarding the dates when the alleged lockdowns occurred and correlating those dates with his failure to file a timely petition. (Doc. 19).

The Court construes Petitioner's opposition to the motion to dismiss as a claim for entitlement to equitable tolling based on unspecified prison lockdowns and limited access to the prison law library based on prison overcrowding. Unpredictable lockdowns or library closures do not constitute extraordinary circumstances warranting equitable tolling in this case. See United States v. Van Poyck, 980 F.Supp. 1108, 1111 (C.D.Cal.1997) (inability to secure copies of transcripts from court reporters and lockdowns at prison lasting several days and allegedly eliminating access to law library were not extraordinary circumstances and did not equitably toll one-year statute of limitations); Atkins v. Harris, 1999 WL 13719, *2 (N.D.Cal. Jan.7, 1999) ("lockdowns, restricted library access and transfers do not constitute extraordinary circumstances sufficient to equitably toll the [AEDPA] statute of limitations. Prisoners familiar with the routine restrictions of prison life must take such matters into account when calculating when to file a federal [habeas] petition.... Petitioner's alleged lack of legal sophistication also does not excuse the delay."); Giraldes v. Ramirez-Palmer, 1998 WL 775085, *2 (N. D.Cal.1998) (holding that prison lockdowns

do not constitute extraordinary circumstances warranting equitable tolling). Petitioner's concerns about prison lockdowns, overcrowding, and limited access to the prison law library are concerns shared by all state prison inmates and, ipso facto, are not unique to Petitioner nor are they in any way "extraordinary circumstances." If limited legal resources and prison overcrowding were a legitimate excuse for not complying with the limitations period, Congress would have never enacted the AEDPA since virtually all incarcerated prisoners have these same problems. Thus, the limitations period will not be equitably tolled.

Since Petitioner has not shown entitlement to any additional tolling that would make the petition timely, the Court concludes that the petition is untimely and must be dismissed.

E. Failure to State A Cognizable Federal Claim.

Respondent also contends that the petition fails to raise a cognizable federal claim in that the claim sounds solely in state law. Again, the Court agrees.

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States. See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

Petitioner does not allege a violation of the Constitution or federal law, nor does he argue that he is in custody in violation of the Constitution or federal law. Petitioner does not allege that the adjudication of his claims in state court "resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law, . . . or resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254. To the contrary, as Respondent correctly observes, Petitioner raises only state law claims related to Respondent's interpretation and application of state regulations concerning the restoration of forfeited credits. As indicated, issues of state law are not cognizable on federal habeas review. Estelle v. McGuire, 502 U.S. 62, 67 (1991)("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'"), *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-349 (1993)(O'Connor, J., concurring)("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas"). Moreover, "[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." James v. Borg, 24 F.3d 20, 29 (9th Cir.1994).

Indeed, federal courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989). Further, "the availability of a claim under state law does not of itself establish that a claim was available under the United States Constitution." Sawyer v. Smith, 497 U.S. 227, 239 (1990), *quoting,* Dugger v. Adams, 489 U.S. 401, 409 (1989). Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir.1990), *cert. denied*, 498 U.S. 1091 (1991) ("incorrect" evidentiary rulings are not the basis for federal habeas relief).

For these reasons, the Court concludes that Petitioner has failed to raise a cognizable federal habeas claim in the instant petition. Accordingly, the petition must be dismissed on this ground as well.

**ORDER**

For the foregoing reasons, the Court HEREBY ORDERS that Petitioner's Motion to Oppose Attorneys for Respondent (Doc. 18), is DENIED.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss (Doc. 17), be GRANTED and the habeas corpus petition be DISMISSED for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period and his failure to state cognizable habeas claims for which relief may be granted.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated: August 26, 2009**

**/s/ Sandra M. Snyder**
UNITED STATES MAGISTRATE JUDGE